GREENE v. MINZESHEIMER et al. .

(Supreme Court, Appellate Term.   May. 15, 1908.)

BONDS—INTEREST COUPONS—NEGOTIABILITY.

> Interest coupons attached to bonds secured by a mortgage are mere incidents of the bonds, and their negotiability depends on the negotiability of the bonds; and hence, where interest coupons are attached to negotiable bonds when they are stolen, and plaintiff in an action on the coupons and his assignors are not chargeable with knowledge of the theft, a recovery may be had, notwithstanding they were stolen from another.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John H. Greene, Jr., against Gus M. Minzesheimer and another on interest coupons. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Robert B. Honeyman, for appellant.

John F. McIntyre (David C. Hirsch, of counsel), for respondents.

GREENBAUM, J.   Hibbs v. Brown, 112 App. Div. 214, 98 N. Y. Supp. 353, affirmed 190 N. Y. 167, 82 N. E, 1108, seems to be a binding authority upon the proposition that the coupons which form the subject-matter of this action are negotiable. That case discusses McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397, upon which respondent relies, and points out that it was there assumed that the mortgage provided "for a postponement of the time of payment of both the principal sum and interest by the action of a majority of the bondholders"— a condition not present in the Hibbs Case nor in the one before us. There is nothing in the mortgage or the bonds to which the coupons were attached that confers upon any one the authority to waive default in or defer payment of the principal of the bonds. The bonds are therefore negotiable, and it seems to be generally recognized that the negotiability of the coupons, which in this case were on the bonds when they were stolen, and which were mere incidents of the bonds, is controlled and determined by the negotiability of the bonds. As the learned trial justice has found that the plaintiff or his assignors were not chargeable with knowledge of the theft of the bonds in question, it follows that the judgment in favor of defendants was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.